Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7333 | **DATE** | December 10, 2010 |
| **CASE TITLE** | *Lockett v. Advocate Illinois Masonic Hospital* | | |

**DOCKET ENTRY TEXT:**

The court finds, pursuant to 28 U.S.C. § 1915(e)(2)(B), that the complaint filed by pro se plaintiff Charles Lockett fails to state a claim for which relief may be granted. Accordingly, it is dismissed without prejudice and all pending motions are denied as moot.

■[ For further details see text below.]

## STATEMENT

    Pro se plaintiff Charles Lockett has filed a complaint and motions for appointment of counsel and for leave to proceed in forma pauperis. This court has the power to screen complaints filed by all litigants prior to service, regardless of their fee status, and must dismiss a complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Because Mr. Lockett is proceeding pro se, the court has construed his filings liberally.

    Mr. Lockett alleges that he received medical care from defendant Advocate Illinois Masonic Hospital and ultimately received a charity care letter that covered all of his medical expenses. When he checked his credit report from TransUnion, however, the full amount of the medical bills was listed as a debt. According to Mr. Lockett, the incorrect information on his credit report is preventing him from renting an apartment, harming his credit rating, and negatively affecting his ability to obtain employment. Mr. Lockett does not indicate what steps, if any, he has taken to attempt to rectify the situation.

    The complaint arises under the Fair Credit Reporting Act ("FCRA"). The FCRA imposes certain duties on consumer reporting agencies. *See* 15 U.S.C. § 1681(b) (consumer reporting agencies must adopt reasonable procedures to ensure the accuracy of the information contained in a consumer's credit report).

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

|**STATEMENT**|
|---|

It also imposes duties on entities that furnish information to those agencies. *See* 15 U.S.C. § 1681s-2. Under the FCRA, a furnisher of information is an entity which transmits information about a particular debt owed by a particular consumer to a consumer reporting agency. *Hukic v. Aurora Loan Services*, 588 F.3d 420, 433-34 (7th Cir. 2009). The court will assume, for purposes of its review of Mr. Lockett's complaint, that the hospital is a "furnisher of information" for the purposes of the FCRA.

When a consumer reporting agency notifies the furnisher of information of a dispute with regard to the completeness or accuracy of information furnished by a provider, the provider has a duty to conduct an investigation with respect to the disputed information, review all relevant information provided to it by the consumer reporting agency, and report the results of the investigation to the consumer reporting agency. *See id*; *see also* 15 U.S.C. § 1681s-2(b)(1)(A)-(C). If the furnisher finds that the information is incomplete or inaccurate, it must report the results to all consumer reporting agencies to which it provided the information. *Id*. § 1681s-2(b)(1)(D). The entity furnishing the information must satisfy these requirements within thirty days of its receipt of the notice of the dispute. *Id*. § 1681s-2(b)(2). If the entity furnishing the information negligently or willfully fails to comply with the FCRA, it is liable. *Id*. §§ 1681n, 1681o.

A key point for Mr. Lockett's purposes is that a furnisher of information, such as the hospital, only has a duty to investigate if it receives notice of a dispute from a consumer reporting agency. 15 U.S.C. § 1681s-2(b)(1). This means that the first step in resolving a dispute with a furnisher is to contact the credit reporting agency (which appears to be TransUnion), advise the credit reporting agency that information is disputed, and fill out a consumer dispute verification form to be sent to the provider. Once the provider receives the form, it then must conduct a reinvestigation to determine if the information it provided was accurate. A cause of action under the FCRA lies against the provider if it fails to conduct a proper reinvestigation. Before bringing suit against the provider, however, the consumer must first give the provider a chance to conduct a reinvestigation by contacting the credit reporting agency and ensuring that a consumer dispute verification form is sent to the furnisher. This is consistent with the information on how to initiate an investigation that is listed in the "special messages" section of the TransUnion document Mr. Lockett attached to his complaint.

Although Mr. Lockett's allegations are not detailed, he does not appear to have contacted TransUnion to contest the credit report entry. For the reasons discussed above, this does not trigger any duties under the FCRA. As matters stand, therefore, the plaintiff's complaint fails to state a claim against Advocate Illinois Masonic Hospital. Accordingly, the court finds, pursuant to 28 U.S.C. § 1915(e)(2)(B), that the complaint fails to state a claim for which relief may be granted because Mr. Lockett does not appear to have pursued available remedies under the FCRA. The complaint, therefore, is dismissed without prejudice and all pending motions are denied as moot.